# **EXHIBIT 1**

# **COMPLAINT**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                                    SUPERIOR COURT DEPARTMENT
                                                                CIVIL ACTION No.:

| | |
|---|---|
| JOAO NETO, | ) |
| | ) |
| _Plaintiff,_ | ) |
| | ) |
| v. | ) |
| | ) |
| TOMASSO TRATTORIA, INC, and | ) |
| THOMAS FRANCIS PRINCE | ) |
| | ) |
| | ) |
| _Defendants._ | ) |
| | ) |
| | ) |

## COMPLAINT AND JURY DEMAND

NOW COMES PLAINTIFF, JOAO NETO, and files this lawsuit against TOMASSO

TRATTORIA, INC, Inc. and THOMAS FRANCIS PRINCE (hereinafter collectively referred to

as "the Defendants") as follows:

### INTRODUCTION

1.      Plaintiff has initiated the instant action to redress violations by the Defendants of

the Fair Labor Standards Act (hereinafter referred to as "the FLSA"). Plaintiff asserts that the

Defendants failed to pay the Plaintiff proper overtime compensation, in violation of the

FLSA.

### JURISDICTION AND VENUE

2.      This Court may properly maintain jurisdiction over the Defendants because

Defendants' contacts with this judicial district are sufficient enough to exercise  jurisdiction

over the Defendants to comply with traditional notions of fair play and substantial justice.

3.      The venue is properly laid in this judicial because Defendants reside in and conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

4.      The Plaintiff, JOAO NETO, is a natural person residing in 33 Pine Crest Drive, Worcester, MA 01604.

5.      The Defendant TOMASSO TRATTORIA, INC, Inc. is a corporation organized under the laws of the Commonwealth of Massachusetts, with a principal place of business at 154 Turnpike Road, Suite 140, Southborough, MA 01772.

6.      The Defendant THOMAS FRANCIS PRINCE is the President and Owner of TOMASSO TRATTORIA, INC residing at 6 Ridge Road, Framingham, MA 01701.

7.      At all times relevant hereto, the Plaintiff was an "employee" of the Defendants, as that term is defined by 29 U.S.C. § 203(e).

8.      Upon information and belief, the Defendants are private employers engaged in interstate commerce, and their gross revenues exceed $500,000 per year.

9.      The Defendants have employees, including Plaintiff, engaged in the preparation of food and restaurant services which are covered under federal law.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

10.     The Plaintiff was an employee of the Defendants in the three-year period preceding the filing of this Complaint.

11.     The Plaintiff worked as a line cook for the Defendants.

12.     The Plaintiff was paid varying hourly rates during the course of his employment with the Defendants. His most recent rate of pay was thirty-three dollars and seventy-five cents ($33.75) per hour.

13.     The Plaintiff was scheduled to work five (5) days a week, and roughly nine to twelve hours per day. Plaintiff regularly worked in excess of forty (40) hours per week.

14.     The Plaintiff's primary job duty included preparing food. Plaintiff's primary tasks did not require the exercise of discretion or independent judgment.

15.     The Plaintiff was not paid an overtime differential for hours worked in excess of forty (40) per week, as required by 29 U.S.C. § 207(a).

## COUNT I
### FLSA Overtime Violation, 29 U.S.C. § 201, *et seq.*

16.     The Plaintiff restates the allegations contained in paragraphs one (1) through twelve (12) above as if set forth here in their entirety.

17.     The Defendants have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for the time the Plaintiff worked in excess of forty (40) hours in a workweek.

18.     The Defendants permitted the Plaintiff to routinely work more than forty (40) hours per week, without proper overtime compensation.

19.     The Defendants' actions violate the FLSA's overtime requirement by failing to compensate the Plaintiff at the required overtime rate.

20.     The Defendants knew or showed a reckless disregard for the law by failing to pay the Plaintiff overtime compensation, in violation of the FLSA.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

A.     Grant Plaintiff a trial by jury as to all triable issues of fact;

B.      Enter judgment awarding Plaintiff unpaid overtime wages pursuant to 29 U.S.C. §
207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid
overtime wages pursuant to 29 U.S.C. § 216, and court costs, reasonable attorney's fees, and
all other remedies allowed under the FLSA; and

C.      Award Plaintiff such other relief as this Court may deem just.

JOAO NETO

By his attorney,

Ludovino Gardini, Esq. (BBO# 568563)
Perez Gardini, LLC
PO Box 205
Somerville, MA 02143
(617) 507-1779
Fax: (866) 520-1233
ludo@gardinilaw.com